Curia, per

Evans, J.
This indictment is founded on the Act of 1837, (8 Stat. 596,) which is in these words: “ it shall not be lawful for any owner or occupier of any grocery store or retail shop, within the limits of Charleston Neck, (fee., to keep open the said stores, shops, or places, *308 or to trade, traffic or barter therein, with negroes or persons of color, at any time on the Sabbath day, or any other day after the hours of 9 o’clock, P. M., from the 20th September to the 20th of March, or 10 o’clock, from the 20th of March to the 20th of September,” (fee. “ And in case any owner or occupier of any such store, (fee., shall transgress or violate this Act, by keeping open the said stores, or trading, trafficking or bartering therein, with any negroes or persons of color, on the Sabbath day, or any other day, after the hours,” (fee. The indictment charges that the defendant, being the owner and occupier of such shop, “ did keep open the same on the Sabbath day, and did trade, traffic and barter therein, with negroes and persons of color.” There are a great many grounds of appeal. Only a few of them have been insisted on in this court; and I shall notice only such as we think necessary to express an opinion on. These are, the 2d, which alleges “ that indictment is not the proper remedy under the Act;” and 3d, “that two distinct offences are charged in one and the same count, and the indictment cannot be sustained for that reason, and because of duplicity.” On the first ground, a single remark will be sufficient. It is stated in Chitty’s Crim. Law, that if a statute prohibit an act to be done, under a penalty certain, though no mention be made of indictment, the party may be indicted ; but if another mode of recovery be prescribed, that must be pursued. The case of The State vs. Matthews, 2 Brev. Rep. 82, is in conformity with this. The words of the Act on which that indictment was framed, were, “ to be recovered by bill, plaint, or information by any one who shall sue for the same. The words sue for plainly indicating a civil action. The second point is not so clear of difficulty. All the authorities concur that two distinct offences cannot be blended in the same count of an indictment; but it does not seem to me that the count in this case does include two offences. I would rather say it includes two specifications of the same offence. The object of the Act seems to me to have been, 1st, to compel shop-keepers to shut their shops, and to abstain from trading with slaves on the Sabbath day; and 2d, to prohibit them from doing the same after certain hours of the night, The great object was to *309 put an end to the indecency of keeping an open shop, and trading on Sunday, and to cut off all midnight trading, by fixing certain hours, after which no shop should be kept open, or trading allowed. The offence charged in this indictment is the desecration of the Sabbath, of which the open shop, and the trafficking with slaves are the specifications. This is in strict conformity with the precedents af indictments on similar statutes. The statute against forgery is in these words; “ shall falsely make, forge, or counterfeit, or cause or procure to be falsely made, forged, or counterfeited, or willingly aid or assist in the false making, forging or counterfeiting any deed, will, &c” In all the approved precedents to be found in the books on criminal pleading, all these various modes of committing the offence of forgery are set out in one count in the conjunctive, as in this indictment. By the Act of 1754, it is enacted, “ all and every person who shall enveigle, steal and carry away, any negro or other slave, or shall hire, aid, or counsel, any such person to enveigle, steal, or carry away, any such slave, so as the owner or employer shall be deprived of the use and benefit of such slave.” All the precedents on this Act that I have seen, set out that the prisoner did enveigle, steal and carry away. These words are not synonymous, but import the various means by which the crime is committed. The same remark will apply to the words, “ hire, aid or counsel,” which are always set out conjunctively in the second count of an indictment under the Act. These analogies, I think, sufficiently sustain the correctness of' this indictment. It charges that the defendant, on the Sabbath day, kept his store, open, and did trade with negroes. The proof of any one of these specifications is sufficient, to authorize a conviction.
As to the ground which relates to the insufficiency of the proof, I have no remark to make, except that it satisfied the jury. Motion dismissed.
Richardson and O’Neall, JJ., concurred.
Wardlaw, J., dissented.